WM. GOODACRE & SONS, LTD. *v.* UNITED STATES [1]

United States Customs Court, Second Division

(Decided July 15, 1938)

*Strauss & Hedges* (*Howard C. Carter* of counsel) for the plaintiff.
*Joseph R. Jackson*, Assistant Attorney General (*William Whynman* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise the subject of this suit consists of floor matting and articles made therefrom.   It was assessed for duty by the collector under the catch-all provision of paragraph 1021 of the Tariff Act of 1930 as all other floor coverings not specially provided for, at the rate of 40 per centum ad valorem, on the assumption that it was made of sisal fiber.   The plaintiff claims the merchandise dutiable at 10 cents per square yard under paragraph 1022 of said act as matting and articles made therefrom, wholly or in chief value of cocoa fiber.

Mr. William L. McBride testified on behalf of the plaintiff that he is sales manager of the importing company, which handles cocoa fiber rugs and sisal fiber rugs; that sisal fiber has a sheen to it, and is

---

C. D. 14.

smooth, whereas cocoa fiber lacks a sheen, and is rough (R. 4); that he did not find that sheen in connection with the rugs he examined out of this importation; that some of the fibers in the rugs had been dyed, and that the other fibers were either bleached or natural; that he identified the fibers just by their feel, but did not remember whether the dyed fibers were smoother or rougher than the others. When asked, however, what he would call Exhibit 1, representing some dyed and natural strands of the fiber from one of the rugs out of the importation, he answered: "I would call it—it looks to me like cocoa fiber. I don't know. It might be sisal." (R. 10, 31.)

The second witness called by plaintiff was Fred A. Mennerich, in the employ of the United States Testing Co., at Hoboken, who is in charge of the microscopic photograph department. He holds a Bachelor of Science and a Master of Science degree of the University of Wisconsin. Prior thereto he did research work in two-tone dyeing of silk hosiery, and checking that work by examining fibers microscopically. Has been a member of the New York Microscopy Society for two years. He stated he has also given lectures on the microscopy of textiles, and has also written articles which were published on the effect of two-tone dyeing as related to silk filaments, and on the microscopy of rayon filaments, and one on microscopic measurements; that he has examined microscopically fibers of cocoanut and fibers of sisal, and is familiar with their physical characteristics; that during his experience of two years with the United States Testing Co. he has examined samples of silk, rayon, cotton, linen, jute, hemp, sisal, and cocoanut fibers. The witness testified that he has become familiar with the physical characteristics of the fibers by taking different fibers, disintegrating them chemically and mechanically, and then mounting them on a microscopic slide and examining them microscopically; that he has read Mathews and the different trade journals and papers on the subject; that he examined samples of the rugs in question by putting the samples in a beaker with potassium dichromate slightly acidified with sulphuric acid. After boiling a while the fibers were taken out and shaken up in a test tube to separate the fiber elements, which were then placed on a glass slide and examined under a microscope, and that the examination showed presence of pores, which are small openings in the fiber elements; that those fibers were 10 to 25 microns in diameter, and up to a millimeter in length, and that there were small spirals present, all of which is characteristic of cocoanut fiber (R. 15, 16); that in general sisal fiber elements have a larger diameter and are longer than those of cocoanut fiber; that there are fewer openings, and the lumina, which is the whole part of the fiber, will fill more than they do in cocoanut fiber; that sisal fiber elements are from about 20 to 30 microns in diameter, the length being up to 4 millimeters (R. 17).

The witness, when asked whether in making the tests described he found any fibers other than cocoanut fibers, answered: "That would be hard to say, definitely, because when you examined a sample under a microscope that was made from cocoanut fiber it might have small fibers of sisal in there, short ones that would be very similar to cocoanut. I can say that these samples had all the microscopic appearances of cocoanut fiber." (R. 17.) He further stated that he is not familiar with the microscopic examination of fibers without chemically disintegrating them; that the test he described is the only test he made, and that he had made about a dozen tests of cocoa fiber prior to the present case in his experience of two years; that the microscopic appearance of the various structures of the samples he tested were characteristic of cocoanut fibers (R. 20), and that led him to the conclusion it was such.

The Government called as one of their witnesses Thora M. Plitt, who is and has been connected with the National Bureau of Standards at Washington, which Bureau tests instruments, chemicals, and other material, and also does research work. Prior thereto she taught in a High School in New Jersey and in Hunter College, and also at Vassar College. Prior to that she received a Bachelor of Arts degree from Bryn Mawr, and a Master of Science degree from the University of Chicago, and also received the Doctor of Philosophy degree from the University of Chicago. All her graduate work was done in botany, and she held scholarships throughout her college and university years, and has been elected a member of the Society of Sigma Psi.

The witness further testified that her work in the National Bureau of Standards is to examine and determine the identity of any materials of a fibrous nature that the Government buys, as also for the customs department; that in her academic work and teaching she has had to do with cocoa and sisal fibers. That on or about June 24, 1936, there was received from the appraiser at New York a sample with the request that it be examined to see whether it was composed of sisal or cocoa fiber (R. 34). At this point the witness produced a sample from the Bureau of Standards known to be cocoanut fiber (Illustrative Exhibit A), and also a sample known to be sisal fiber (Illustrative Exhibit B). She stated that she cut short pieces of fiber from all 3 samples, namely, of the 2 known samples and the unknown sample (Exhibit 1), and separated them by teasing them apart, examining them in water, and examining them under the microscope. That in that way the structural features are a guide to the identity of the fiber, but that as the fibers are sufficiently similar she would require further confirmation before coming to a conclusion (R. 38). That a very good test for such purpose is to take the fibers and ash them, which is a way of burning them and catching the ash and examining it under a micro-

scope. That in the ash obtained from cocoa fiber there are present globular siliceous particles, which vary in size within a certain length, and are somewhat porous in structure; that their surface is smooth, and that they occur singly or in groups or chains, and that there are none of these siliceous particles present in the ash obtained from sisal (R. 40). The witness explained further that the ash of sisal contains certain calcium carbonate crystals resulting from said ashing process. That in the ashing test of the sample of the merchandise here in question (Exhibit 1) she found no globular siliceous particles in the ash, and that her conclusion therefore was that there was no cocoa fiber in said sample (R. 40, 49).

This same witness testified that she also made a test comparable with that described by plaintiff's witness Mennerich, namely, a microscopic examination of the fibrous elements in said Illustrative Exhibits A and B and Exhibit 1, and that the indication she got from such examination was that the merchandise in question (Exhibit 1) was sisal fiber (R. 42–45), and that the ash test described above, which is a standard test and accepted as a known test in the laboratory, confirmed that conclusion.

Mr. Henry A. Gassmann, analyst in the appraiser's office at New York, was called by the Government as its second witness, and his qualifications were conceded by counsel for plaintiff. He testified that he made two tests of the merchandise in question different from the other two tests described; that cocoa fiber is very hard to bleach, and has a very rough surface, while sisal is rather smooth, and practically always is in the natural color, except when dyed; that sisal fibers usually come up to 4 feet long, but that in this particular instance they were only 6 to 8 inches long, which indicated they were more or less waste or refuse. That cocoanut fibers are about 10 inches long, and always brown; that the ash of the two fibers shows a marked difference, the ash of the cocoanut fiber being black, while that of the sisal fiber is practically white. That there is also another test, the chemical test, in which the fiber is immersed in chlorine for 30 or 40 seconds, after which it is washed in running water and then shaken down. Then it is allowed to dry until it is in a semi-dry state or condition, and then is exposed to the fumes of ammonia, in which sisal fiber immediately turns cherry red, while cocoanut fiber shows no discoloration whatever. That according to his two tests he found the rugs here in issue to be of sisal fiber (R. 52).

On the foregoing testimony we are satisfied that the collector's classification and assessment of duty on the merchandise in question under paragraph 1021 of the Tariff Act of 1930 as floor coverings not specially provided for is sustained by more than a fair preponderance of evidence. The single microscopic test made by plaintiff's witness

Mennerich, which kind of test does not appear to be altogether a positive one, is certainly not entitled to nearly as much weight, in our opinion, as the four different kinds of tests made by the Government's two witnesses, all four of which tests indicated that the fiber of which the imported merchandise was made was sisal, and not cocoa.

The protest claiming the merchandise to be dutiable as matting or articles made therefrom, wholly or in chief value of cocoa fiber, under said paragraph 1022 is therefore overruled. Judgment will be rendered accordingly.